# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**      **2. PLEASE TYPE OR PRINT**      **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Davall Garrison v. American Sugar Refining, Inc., American Sugar Holdings, Inc., ASR Group International, Inc., and Dennis Angone | SDNY | Vincent L. Briccetti |

| | Date the Order or Judgment Appealed from was Entered on the Docket: | District Court Docket No.: |
|---|---|---|
| | 06/26/2025 | 7:21-cv-10917 |

| | Date the Notice of Appeal was Filed: | Is this a Cross Appeal? |
|---|---|---|
| | 07/15/2025 | ☐ Yes   ✔ No |

| **Attorney(s) for Appellant(s):** | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail: |
|---|---|
| ✔ Plaintiff  ☐ Defendant | Megan S. Goddard, Esq., Goddard Law PLLC, 39 Broadway, Suite 1540, New York, New York 10006, (646) 964-1178, (212) 208-2914, Megan@goddardnyc.com |

| **Attorney(s) for Appellee(s):** | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail: |
|---|---|
| ☐ Plaintiff  ✔ Defendant | Allan Scott Bloom, Esq. and Lawrence R. Sandak, Esq. Proskauer Rose LLP, 11 Times Square, New York, New York 10036, (212) 969-3880, (212) 969-2900, abloom@proskauer.com, lsandak@proskauer.com |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes ✔ No |
|---|---|---|---|
| N/A | N/A | N/A | If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:     Reporter Citation: (i.e., F.3d or Fed. App.) |

***ADDENDUM "A":* COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B":* COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

### PART A: JURISDICTION

| 1. Federal Jurisdiction | | 2. Appellate Jurisdiction | |
|---|---|---|---|
| ☐ U.S. a party | ☐ Diversity | ✔ Final Decision | ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b)) |
| ✔ Federal question (U.S. not a party) | ☐ Other (specify): _____ | ☐ Interlocutory Decision Appealable As of Right | ☐ Other (specify): _____ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2016)

**PART B: DISTRICT COURT DISPOSITION** (Check as many as apply)

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | 3. Relief |
|---|---|---|

**1. Stage of Proceedings**
- ☑ Pre-trial
- ☐ During trial
- ☐ After trial

**2. Type of Judgment/Order Appealed**
- ☐ Default judgment
- ☐ Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- ☐ Dismissal/FRCP 12(b)(6) failure to state a claim
- ☐ Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- ☐ Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- ☐ Dismissal/other jurisdiction
- ☐ Dismissal/merit
- ☐ Judgment / Decision of the Court
- ☑ Summary judgment
- ☐ Declaratory judgment
- ☐ Jury verdict
- ☐ Judgment NOV
- ☐ Directed verdict
- ☐ Other (specify):

**3. Relief**
- ☐ Damages:
  - ☐ Sought: $ _____
  - ☐ Granted: $ _____
  - ☐ Denied: $ _____
- ☐ Injunctions:
  - ☐ Preliminary
  - ☐ Permanent
  - ☐ Denied

**PART C: NATURE OF SUIT** (Check as many as apply)

**1. Federal Statutes**
- ☐ Antitrust
- ☐ Bankruptcy
- ☐ Banks/Banking
- ☑ Civil Rights
- ☐ Commerce
- ☐ Energy
- ☐ Commodities
- ☐ Other (specify): _____
- ☐ Communications
- ☐ Consumer Protection
- ☐ Copyright / Patent
- ☐ Trademark
- ☐ Election
- ☐ Soc. Security
- ☐ Environmental
- ☐ Freedom of Information Act
- ☐ Immigration
- ☐ Labor
- ☐ OSHA
- ☐ Securities
- ☐ Tax

**2. Torts**
- ☐ Admiralty/ Maritime
- ☐ Assault / Defamation
- ☐ FELA
- ☐ Products Liability
- ☐ Other (Specify):

**3. Contracts**
- ☐ Admiralty/ Maritime
- ☐ Arbitration
- ☐ Commercial
- ☐ Employment
- ☐ Insurance
- ☐ Negotiable Instruments
- ☐ Other Specify

**4. Prisoner Petitions**
- ☐ Civil Rights
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Parole
- ☐ Vacate Sentence
- ☐ Other

**5. Other**
- ☐ Hague Int'l Child Custody Conv.
- ☐ Forfeiture/Penalty
- ☐ Real Property
- ☐ Treaty (specify): _____
- ☐ Other (specify): _____

**6. General**
- ☐ Arbitration
- ☐ Attorney Disqualification
- ☐ Class Action
- ☐ Counsel Fees
- ☐ Shareholder Derivative
- ☐ Transfer

**7.** Will appeal raise constitutional issue(s)?
☐ Yes ☑ No

Will appeal raise a matter of first impression?
☐ Yes ☑ No

---

1. Is any matter relative to this appeal still pending below? ☐ Yes, specify: _____ ☑ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A) Arises from substantially the same case or controversy as this appeal? ☐ Yes ☑ No

   (B) Involves an issue that is substantially similar or related to an issue in this appeal? ☐ Yes ☑ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Appellant:

| Date: 07/29/2025 | Signature of Counsel of Record: /s/ Megan S. Goddard |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. December 2016)

# ADDENDUM A

## DESCRIPTION OF NATURE OF ACTION

The nature of this action is employment discrimination on the basis of Appellant's race, national origin, ethnicity and ancestry; failure to promote; and retaliation in violation of 42 U.S.C. § 1981, Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000 et seq., and The New York State Human Rights Law. Appellant was also subjected to a hostile work environment in violation of the New York State Human Rights Law, and unequally paid in violation of the New York State Equal Pay Act.

## **RESULT BELOW**

The Appellees' Motion for Summary Judgment was granted dismissing all claims.

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

DUVALL GARRISON,

                Plaintiff,

-against-

AMERICAN SUGAR REFINING, INC.,
AMERICAN SUGAR HOLDINGS, INC.
ASR GROUP INTERNATIONAL, INC. and
DENNIS ANGONE,

                Defendants.

Case No.: 7:21-cv-10917-VB

**<u>NOTICE OF APPEAL</u>**

---

Notice is hereby given that Plaintiff Davall Garrison, in the above-captioned matter, appeals to the United States Court of Appeals for the Second Circuit from the attached Judgment entered on June 26, 2025, that granted Defendants' motion for summary judgment, dismissing all of Plaintiff's claims.

Dated: New York, New York
       July 15, 2025

GODDARD LAW PLLC

/s/ Megan S. Goddard
Megan S. Goddard
39 Broadway, Suite 1540
New York, New York 10006
Tel: 646 964-1178
Fax: 212 208-2914
megan@goddardlawnyc.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

DAVALL GARRISON,

                 Plaintiff,                    21 **CIVIL** 10917 (VB)

      -against-                           **<u>JUDGMENT</u>**

AMERICAN SUGAR REFINING, INC.;
AMERICAN SUGAR HOLDINGS, INC.;
ASR GROUP INTERNATIONAL, INC.; and DENNIS
ANGONE,

                 Defendants.
-------------------------------------------------------------------------X

       It is hereby **ORDERED, ADJUDGED AND DECREED:**  That for the reasons

stated in the Court's Opinion and Order dated June 25, 2025, the motion for summary judgment

is GRANTED. Accordingly, the case is closed.

**Dated:**  New York, New York

      June 26, 2025

                              **TAMMI M. HELLWIG**
                             _____
                                **Clerk of Court**

           **BY:**
                                _____
                                **Deputy Clerk**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
DAVALL GARRISON,                                   :
                  Plaintiff,              :
                                        :
v.                                                 :       **OPINION AND ORDER**
                                        :
AMERICAN SUGAR REFINING, INC.;                     :       21 CV 10917 (VB)
AMERICAN SUGAR HOLDINGS, INC.;                     :
ASR GROUP INTERNATIONAL, INC.; and                 :
DENNIS ANGONE,                                     :
                  Defendants.             :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff Davall Garrison brings this employment discrimination action against defendants American Sugar Refining, Inc., American Sugar Holdings, Inc., and ASR Group International, Inc. (collectively, "ASR"), and a former supervisor, Dennis Angone, alleging defendants (i) discriminated against him on the basis of his race and national origin, (ii) retaliated against him for complaining about such discrimination, (iii) created a hostile work environment, (iv) compensated him with unequal pay in comparison to his peers; and (v) aided and abetted his racial discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); Section 1981 of the Civil Rights Act of 1866, 42 U.S.C § 1981; the New York State Human Rights Law ("NYSHRL"); and the New York Equal Pay Act ("NYEPA").

Now pending is defendant's motion for summary judgment.  (Doc. #75).

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## BACKGROUND

The parties have submitted briefs, statements of material fact pursuant to Local Civil Rule 56.1, and declarations with exhibits. These submissions reflect the following factual background.

I.    <u>Plaintiff's Employment</u>

Plaintiff, an African American man, is currently employed by ASR as a Laboratory Tech 3 ("Lab Tech") at ASR's sugar refinery in Yonkers, New York. He was hired as a Lab Tech in 2010 and has remained in that position since.

Lab Techs work in the Quality Assurance Laboratory (the "Lab") at ASR and are responsible for performing quality tests on sugar samples, as well as preparing related paperwork. When plaintiff joined the Lab, Lab Techs worked alongside several other categories of Lab employees: Chemists, Microbiologists, a Quality Manager, and a Laboratory Supervisor ("Lab Supervisor"). The Lab Supervisor oversees the Lab Techs' work and is responsible for reviewing quality test results and documentation, but does not have the authority to make hiring, promotion, or termination decisions. The Quality Manager supervises all Lab employees and is responsible for making those personnel decisions.

At the time plaintiff became a Lab Tech, the Quality Manager was Dennis Angone, who is white. In addition to plaintiff, four other Lab Techs worked at the Lab: Tommy Chadwick, who is white; Gregory Johnson, who is Black and Jamaican; Kawsu Jabbi, who is Black and American of Gambian descent; and Deodat Gewan, who is Guyanese of Indian descent.

In 2013, Angone was demoted from Quality Manager to Lab Supervisor. Angone left his employment at ASR in 2021.

## II.    Alleged Hostile Work Environment

There is evidence in the record that, during Angone's years supervising plaintiff, Angone made several racially insensitive remarks to plaintiff.  For example, plaintiff testified at his deposition that in one instance Angone complained to plaintiff and another employee, "I have so much work to do today I feel like a slave."  (Doc. 78-1 at Tr. 198).  Plaintiff also testified that on another occasion Angone directed plaintiff and another African American employee to lift heavy objects and, when they complained, he asked, "[W]hat are you complaining about.  You know you people are strong."  (Doc. #78-1 at Tr. 301).  After plaintiff challenged him, Angone corrected himself and said "[Y]ou guys are strong."  (Id.).  Plaintiff also testified Angone once referred to Black Lives Matter protestors as "low lives."  (Id. at 302).  And according to plaintiff, Angone criticized plaintiff's work to other employees, including calling plaintiff "lazy."  (Doc. #78-1 at Tr. 79).  Jabbi also testified Angone called plaintiff "lazy."  (Doc. #78-2 at Tr. 20-21).

Additionally, according to plaintiff, Angone acted with animosity toward plaintiff at the Lab, including by assigning plaintiff extra work, ignoring plaintiff when plaintiff spoke to him, and communicating with plaintiff by instructing other employees to pass along messages to plaintiff.  Plaintiff never complained about Angone's treatment of him to anyone at ASR.

## III.    Alleged Discrimination

Since joining the Lab, plaintiff has been a member of the union covering Lab employees. The Lab Tech position is governed by the terms and conditions of each Collective Bargaining Agreement ("CBA") between ASR and the union.  The CBA sets forth the wages paid to Lab Techs and governs the assignment of overtime shifts, which is tied to Lab Techs' seniority but subject to the approval of the Quality Manager.

When negotiating the 2017 CBA, the union and ASR agreed to the creation of a Senior Laboratory Technician ("Senior Tech") position. Under the CBA, Senior Techs are paid a higher hourly wage than Lab Techs. In addition to being able to perform the tasks of a Lab Tech, the job description for the Senior Tech position requires that Senior Techs be able to perform instrument calibration, chemical titrations, and learn microbiological sampling and testing procedures. But Senior Techs can perform those additional responsibilities only while working overtime shifts.

The CBA does not require ASR to employ a set number of Senior Techs, but the company hired three in the months after the position was created: Gewan, Johnson, and Jabbi—the three most senior Lab Techs working at the time. Although not expressly stated in the job description, Senior Techs manage sugar loss monitoring, which was performed by the Lab Supervisor or Quality Manager before the creation of the Senior Tech position. Under the Environmental Protection Act, ASR is required to constantly monitor sugar levels for potential loss. Employing three Senior Techs allowed for constant, scheduled monitoring.

Plaintiff was the next most senior Lab Tech at the time the Senior Tech position was created. Plaintiff never completed training on the additional responsibilities handled by Senior Techs on overtime shifts.

In September 2017, Chad Baum, who is white, became Quality Manager. A few months later, in early 2018, Baum observed that overtime costs for the Lab were "consistently high." (Doc. #79 at ¶ 8). As a result, he "began to question the efficiency" of the Senior Tech role—specifically, the CBA-mandated requirement that Senior Techs perform instrument calibration and other advanced functions only on overtime. (Id.). He viewed this requirement as "nonsensical, inefficient, and non-economical." (Id.). In May 2018, Baum prepared a new job

description for the role eliminating the mandatory-overtime requirement and submitted the revised description to the union. In response, the union refused to consider a change to the role outside of the collective bargaining process, and indicated it was unwilling to agree to Baum's proposal regardless.

In the summer of 2018, Baum met with plaintiff and Angone to discuss plaintiff's potentially becoming a Senior Tech because Angone wanted Gewan to focus on a specific subset of Senior Tech responsibilities. However, Gewan did not agree to that change, so plaintiff remained a Lab Tech.

In May 2019, Gewan resigned from the Senior Tech role. Plaintiff emailed Angone and asked if the position was open, but Angone did not respond and avoided conversation with plaintiff for weeks. After plaintiff tried to follow up several times, Angone eventually told him that Angone was not filling the position and that plaintiff should raise the matter with Baum or the incoming Quality Manager who was scheduled to replace Baum. Plaintiff contacted both, but neither spoke to him about the Senior Tech position.

At some point in 2019, either Baum or Chris Vega—another ASR supervisor—instructed Angone to train plaintiff as a Senior Tech. Later that year, Baum told Angone that he was eliminating the third Senior Tech position, although the parties dispute whether he had the authority to do so. Instead of hiring another Senior Tech, ASR hired Joel Norwood, an African American, as a new Lab Tech. After Gewan's departure in May 2019, ASR never hired another Senior Tech, nor did it post an opening for a Senior Tech position.

Because ASR did not search for applicants to fill the third Senior Tech position, the Lab faced staffing concerns following Gewan's departure, as it needed to ensure continuous sugar loss monitoring, even with one fewer Senior Tech. Accordingly, Lab Techs stepped in to perform

Senior Tech responsibilities—specifically, sugar-loss monitoring—when necessary. If a Lab

Tech was required to do so, the Lab Tech was paid the Senior Tech overtime rate for that work.

IV.  <u>Alleged Retaliation</u>

In July 2019, Angone instructed plaintiff to perform sugar-loss monitoring work on shifts

on which plaintiff was staffed but a Senior Tech was not—explaining that plaintiff was the

senior-most Lab Tech and therefore the work fell to him. Angone stated that plaintiff would

receive the Senior Tech overtime rate for such work. Plaintiff refused to perform the Senior Tech

work without a promotion to Senior Tech, as he believed that Angone's assignment demonstrated

the ongoing need for a third Senior Tech.

On August 26, 2019, plaintiff filed an internal ASR grievance (the "2019 Grievance")

claiming that the company had denied him a promotion to Senior Tech because of racial

discrimination, favoritism, and retaliation for plaintiff's role as a union steward for the Lab.

Prior to the 2019 Grievance, plaintiff had never complained to ASR of racial discrimination.

On August 28, 2019, ASR denied plaintiff's grievance on the grounds that "[t]he CBA

does not specify the number of positions in each job classification," meaning ASR "has a right to

allocate its resources as business needs dictate," and plaintiff had not been denied a promotion

because there was no "open" Senior Tech position. (Doc. #78-14). In a meeting to discuss the

grievance, ASR human resources ("HR") manager Camille Valentin informed plaintiff and his

union representative that the third Senior Tech role had been "abolished" because it was too

expensive for the company. (Doc. #78-10 at Tr. 47). Plaintiff told Valentin that the real reason

ASR did not promote him was because Angone was racist against African Americans, and

Angone consistently displayed racist behavior toward plaintiff and other African American employees.

In the winter of 2020, Wayne Forrester joined the Lab as the new Quality Manager, and Elizabeth Mendonca became the Plant Manager for the entire refinery. Forrester is African American and Mendonca is white.

Upon starting his position, Forrester spoke with Baum and Angone about plaintiff, and both men stated that plaintiff was not "promotable" because he "lacked the intellectual capacity to do" the Senior Tech work. (Doc. #85-3 at ¶ 3). Angone elaborated, saying "you can train Mr. Garrison to do a certain job and he will have forgotten everything in three weeks." (Id.).

In March 2020, plaintiff, his union representative, and Forrester met to discuss plaintiff's requested promotion to Senior Tech. Forrester said he "wanted to" promote plaintiff to Senior Tech, but he needed to speak with Mendonca and other ASR supervisors because it was "not his call" as Quality Manager. (Doc. #78-10 at Tr. 28). Throughout the next month, April 2020, plaintiff believed his promotion was "imminent" and therefore performed Senior Tech work on his shifts, for which he was paid the Senior Tech overtime rate. (Doc. #85-2 ("Garrison Decl.") at ¶ 43). Since then, plaintiff has performed sugar-loss monitoring work when no Senior Tech is staffed during his shifts.

In May 2020, Forrester informed plaintiff he would not be promoted. Forrester told plaintiff that, according to HR Manager Valentin, "ASR would not, under any circumstances, promote" plaintiff. (Garrison Decl. at ¶ 44). At that time, Forrester had not discussed with Mendonca the possibility of creating or reviving the third Senior Tech position. Later that month, Senior Tech Johnson informed plaintiff that Angone had asked Johnson to train two Lab Techs—both of whom were junior to plaintiff—to do Senior Tech work, thereby depriving

plaintiff of overtime pay that he otherwise would have received.  In the spring of 2020, ASR indeed trained all Lab Techs to perform Senior Tech tasks.

On May 28, 2020, plaintiff filed a second grievance (the "2020 Grievance") in which he alleged he was "still facing discrimination . . . by not being promoted to Senior Tech."  (Doc. #78-16).  He also claimed that ASR discriminated against him by training two more junior Lab Techs to do Senior Tech work.  Shortly thereafter, plaintiff met with Valentin, Angone, and another union representative to discuss his grievance.  In response to plaintiff's complaints, Angone said that plaintiff had refused a promotion to Senior Tech.  Plaintiff responded: "Refused the position? What have I been fighting this whole time for?"  (Garrison Decl. at ¶ 51). Observing the exchange, the union representative said "[Plaintiff] didn't refuse this job, we've had meetings before about this. . . .  This sounds like [it's] personal."  (Id.).  Valentin said she would "look into it further" and "get back" to plaintiff.  (Id. at ¶ 53).

ASR denied the 2020 Grievance because it raised "the same issue" as the 2019 Grievance.  (Doc. #78-17).  ASR also asserted the 2020 Grievance was "untimely" because "the time limits" on the 2019 Grievance had "expired."  (Id.).

Throughout the spring and summer of 2020, in meetings with Forrester and other ASR employees held to discuss contract negotiations with the union and plaintiff's grievance, Angone repeatedly voiced his opposition to promoting plaintiff to Senior Tech.

In August 2020, Forrester raised with Mendonca for the first time the possibility of creating a third Senior Tech role.  However, Forrester did not specifically discuss promoting plaintiff to that potential position.  On September 2, 2020, Mendonca met with Angone, Baum, and Forrester to discuss the subject, and Forrester advocated for creating a third Senior Tech position.  Baum told Mendonca he had started to phase out the Senior Tech role because its built-

in overtime requirements were not cost-efficient.  At the conclusion of the meeting, Mendonca

decided against creating a third Senior Tech role.  Neither Angone, Baum, nor Forrester raised

with Mendonca the possibility of promoting plaintiff to Senior Tech.  At the time she made this

decision, Mendonca was not aware of plaintiff's grievances or any informal complaints.

The status quo has continued since the 2020 Grievance:  two Senior Techs work at the

Lab, as well as several Lab Techs—the most senior of whom is plaintiff.  Lab Techs fill in when

needed to monitor sugar loss and, when they do so, they are paid overtime at the Senior Tech

hourly rate.[1]  From 2019 through March 2023, plaintiff, as the most senior Lab Tech, has worked

more overtime hours than any of his peers.

## DISCUSSION

I.    Standard of Review

The Court must grant a motion for summary judgment if the pleadings, discovery

materials before the Court, and any affidavits show there is no genuine issue as to any material

fact and it is clear the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.

56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing

law . . . .  Factual disputes that are irrelevant or unnecessary" are not material and thus cannot

preclude summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).[2]

A dispute about a material fact is genuine if there is sufficient evidence upon which a

reasonable jury could return a verdict for the non-moving party.  See Anderson v. Liberty Lobby,

---

[1]    This is a recent change.  For most of the period in question, Lab Techs performing Senior
Tech work were paid at the Senior Tech overtime rate.

[2]    Unless otherwise indicated, case quotations omit all internal citations, quotations,
footnotes, and alterations.

Inc., 477 U.S. at 248. The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010). It is the moving party's burden to establish the absence of any genuine issue of material fact. Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party. Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003). If there is any evidence from which a reasonable inference could be drawn in the non-movant's favor on the issue on which summary judgment is sought, summary judgment is improper. Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004). Bald assertions, completely unsupported by admissible evidence, are not sufficient to overcome summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

II.    Race Discrimination Claims

Defendants argue plaintiff fails, as a matter of law, to establish a prima facie case of race discrimination under Title VII, Section 1981, or the NYSHRL because plaintiff cannot show that ASR's closure of the third Senior Tech position or its assignment of sugar-monitoring tasks to Lab Techs were discriminatory.

The Court agrees.

A.    Legal Standard

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

Section 1981 "outlaws discrimination with respect to the enjoyment of benefits,

privileges, terms, and conditions of a contractual relationship, such as employment." Patterson v.

County of Oneida, 375 F.3d 206, 224 (2d Cir. 2004); 42 U.S.C. 1981(a).  Similarly, the

NYSHRL prohibits discrimination against an employee based on that employee's "age, race,

creed, color, national origin, citizenship or immigration status, sexual orientation, gender identity

or expression, military status, sex, disability, predisposing genetic characteristics, familial status,

marital status, or status as a victim of domestic violence."  N.Y. Exec. Law § 296(1).

When, as here, a plaintiff's Title VII, Section 1981, and NYSHRL discrimination claims

are based on circumstantial evidence of discriminatory intent, the claims are analyzed under the

familiar burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S.

792 (1973).  Alvarado v. United Hospice, Inc., 631 F. Supp. 3d 89, 111 (S.D.N.Y. 2022)

(collecting cases under all three statutes); see Porter v. Dartmouth-Hitchcock Med. Ctr., 92 F.4th

129, 149 (2d Cir. 2024) (explaining the McDonnell Douglas framework applies only in the

absence of direct evidence).

Under the McDonnell Douglas framework, a plaintiff establishes a prima facie case of

discrimination by demonstrating, by a preponderance of the evidence, "(i) membership in a

protected class; (ii) qualifications for the position; (iii) an adverse employment action; and (iv)

circumstances surrounding that action giving rise to an inference of discrimination."  Collins v.

N.Y.C. Transit Auth., 305 F.3d 113, 118 (2d Cir. 2002).  "The burden of establishing a prima

facie case is not onerous, and has been frequently described as minimal."  Norton v. Sam's Club,

145 F.3d 114, 118 (2d Cir. 1998).

Once a plaintiff presents a prima facie case, the defendant then bears the burden of

articulating a legitimate, non-discriminatory reason for the employment action.  Weinstock v.

Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000).  If a defendant meets this burden, the plaintiff

must point to evidence that would be sufficient to permit a rational factfinder to conclude the

employer's explanation is merely a pretext for actual discrimination.  Tex. Dep't of Cmty. Affs. v.

Burdine, 450 U.S. 248, 254 (1981).

      B.     Assignment of Sugar-Loss Monitoring Tasks

          1.    Prima Facie Case

Plaintiff cannot make out a prima facie case of discrimination vis-à-vis the assignment of

sugar-loss monitoring to Lab Techs.  The key question here is whether the assignment of sugar-

loss monitoring tasks was an adverse employment action.[3]  It was not.

An adverse employment action involves some harm or injury to the employee's

conditions of employment.  Muldrow v. City of St. Louis, 601 U.S. 346, 359 (2024).  Examples

of adverse employment actions can include internal transfer, failure to promote, termination of

employment, demotion, "significantly diminished material responsibilities, or other indices . . .

unique to a particular situation."  Banks v. General Motors, LLC, 81 F.4th 242, 269 (2d Cir.

2023) (quoting Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir. 2003)).  No "economic harm" is

"required" for an employment action to be adverse.  Id. at 270.  Nevertheless, a plaintiff must

show that he was "aggrieved" in some sense by the action in order for it to be considered

adverse.  Id.  In other words, "an 'adverse employment action' is one that is 'more disruptive

---

[3]      Plaintiff's argument that the Supreme Court's decision in Muldrow v. City of St. Louis, 601 U.S. 346, 359 (2024), removed the requirement of an adverse employment action from a discrimination claim is a non-starter.  Muldrow did not remove the adverse employment action requirement from the prima facie discrimination test.  Rather, it lowered the standard for proving an adverse employment action by making clear that plaintiffs need not be significantly or materially harmed in order to make such a showing.  Desiderio v. Hudson Tech. Inc., 2025 WL 1285278, at *11 (S.D.N.Y. May 2, 2025).

than a mere inconvenience or an alteration of job responsibilities.'"  Id. (quoting Terry v.

Ashcroft, 336 F.3d at 138).

Simply put, plaintiff has not shown he was "aggrieved" in any way as a result of the

assignment of sugar-loss monitoring to Lab Techs.  Banks v. General Motors, LLC, 81 F.4th at

270.  He contends that, by being required to perform sugar-loss monitoring tasks in addition to

his regular Lab Tech tasks, he effectively performed the work of a Senior Tech without receiving

the commensurate higher hourly wage.  But plaintiff benefitted financially from the assignment

of sugar-loss monitoring tasks; after all, this policy caused him to earn overtime at a higher rate

than he otherwise would have earned as a Lab Tech, and it did not materially worsen his working

conditions.  And he has not presented evidence that the assignment of tasks with a corresponding

increase in compensation is adverse simply based on the fact that, if plaintiff had his desired job,

he would have earned even more.  Thus, this case is distinguishable from adverse employment

actions like the assignment of additional work without increased compensation.  See McDowell

v. McDonough, 2022 WL 18539464, at *2 (W.D.N.Y. Dec. 21, 2022), report and

recommendation adopted, 2023 WL 1421580 (W.D.N.Y. Jan. 31, 2023) (finding that the alleged

increased workload without appropriate compensation properly stated an adverse employment

action).

Plaintiff's initial refusal to perform sugar-loss monitoring work without a promotion to

Senior Tech is insufficient to create an adverse employment action.  "A plaintiff's subjective

dissatisfaction with the work assigned, absent some evidence that the assignment materially

worsened h[is] working conditions, is insufficient to make out an adverse employment action."

Jean-Pierre v. Citizen Watch Co. of Am., Inc., 2019 WL 5887479, at *7 (S.D.N.Y. Nov. 12,

2019).  Here, plaintiff cannot identify a material deterioration in his working conditions beyond

his frustration at not being promoted to Senior Tech—a role for which there were no openings.
See id. (identifying potential material deteriorations in working conditions, including "a
demotion evidenced by a decrease in wage or salary, a less distinguished title, or a material loss
of benefits").

Nor is the Court persuaded that the assignment of sugar-loss monitoring tasks without a
commensurate promotion to Senior Tech harmed plaintiff because he lost the prestige of the
Senior Tech position.  In support of this argument, plaintiff cites Muldrow v. City of St. Louis,
601 U.S. at 359, but that case is distinguishable.  In Muldrow, the employer transferred the
plaintiff police sergeant "from a plainclothes job in a prestigious specialized division giving her
substantial responsibility over priority investigations" to a "uniformed job supervising one
district's patrol officers, in which she . . . primarily performed administrative work" and was
required to "work weekends" without the benefit of a "take-home car."  Id.  That loss of prestige,
coupled with objectively worse working conditions, is not analogous to the situation here.
Plaintiff was not transferred to a different work setting or role, ASR did not remove workplace
benefits from his position, and he did not lose prestige that he previously enjoyed.  Muldrow is
inapposite.

Accordingly, plaintiff has failed to satisfy even the "minimal" burden of putting forth a
prima facie case that the assignment of sugar-loss monitoring tasks constituted discrimination.
Norton v. Sam's Club, 145 F.3d at 118.

C.      Failure to Promote Claim

        1.      Prima Facie Case

To establish a prima facie case of discriminatory failure to promote, a plaintiff must show
(i) he is a member of a protected class, (ii) he applied and was qualified for a job for which the

employer was seeking applicants, (iii) he was rejected for the position, and (iv) the position
remained open and the employer continued to seek applicants having the plaintiff's
qualifications. Reyes v. City Practice Grp. of New York, LLC, 2025 WL 388524, at *16
(S.D.N.Y. Feb. 4, 2025). "To satisfy the application piece of the second prong, a formal job
application may not be required if the employee can demonstrate that (i) the vacancy at issue was
not posted, and (ii) the employee either had (a) no knowledge of the vacancy before it was filled
or (b) attempted to apply for it through informal procedures endorsed by the employer." Id.

Plaintiff falters on the second prong. It is undisputed that, after Gewan resigned from the
Senior Tech role in May 2019, ASR neither posted an opening for that position nor attempted to
fill it. Instead, ASR hired another employee to join the Lab as a Lab Tech. There is some
dispute in the factual record as to whether Baum, the then-Quality Manager, had the authority to
formally eliminate the third Senior Tech position in May 2019, but that is not material here. The
dispositive question is whether ASR continued to seek applicants having plaintiff's qualifications
after denying plaintiff the Senior Tech role. Reyes v. City Practice Grp. of New York, LLC, 2025
WL 388524, at *16. That did not happen.

Plaintiff cannot point to any facts that could lead a reasonable jury to believe that ASR
kept the third Senior Tech position open. Although an ASR supervisor did instruct Angone to
train plaintiff for the third Senior Tech position around the time of Gewan's departure, there is no
evidence in the record that the company continued training plaintiff or anyone else once Baum
decided to shutter the role. As for Angone's comment in spring 2020 that plaintiff had refused a
promotion, there is no evidence in the record showing that ASR actually offered a Senior Tech
promotion to plaintiff or subsequently attempted to fill that position with other candidates.
Finally, Baum's and Angone's comments to Forrester that plaintiff was not "promotable" do not

change this analysis. (Doc. #85-3 at ¶ 3). Forrester joined the Lab in 2020—after Baum made the decision to not hire a third Senior Tech—and the record does not show that Baum and Angone made these comments to Forrester while discussing reopening the position. Thus, their remarks might be probative of potential pretext, but they do not help plaintiff establish a prima facie case in the first place.

Ultimately, it is undisputed that ASR (functionally, if not officially) phased out the third Senior Tech position after Gewan's departure and chose to staff the Lab by hiring another Lab Tech and spreading Senior Tech responsibilities across Lab Techs when appropriate. Crucially, ASR never reopened that position. As such, ASR did not commit the gravamen of a failure to promote claim: it never passed over plaintiff for a position that it then attempted to fill with other, equally qualified candidates.

Plaintiff argues ASR's de facto elimination of the third Senior Tech position creates a "unique wrinkle" warranting the denial of summary judgment, because the company did so to discriminate against him and avoid hiring him. (Doc. #85 at 6). But plaintiff himself admits that Baum—the ASR employee who decided not to fill the third Senior Tech position after Gewan's departure—did not discriminate against him. Instead, he maintains that Angone's racist "reputation[] at ASR" creates an issue of fact as to the legitimacy of ASR's elimination of the third Senior Tech position. (Id. at 7). But Angone's racially insensitive remarks do not create a triable issue of fact on a failure to promote claim, as he was not the decisionmaker responsible for either filling or functionally eliminating the third Senior Tech role. Wheeler v. Praxair Surface Techs., Inc., 694 F. Supp. 3d 432, 458 (S.D.N.Y. 2023). As such, plaintiff "has not come forward with non-speculative evidence that [ASR's] decision not to promote him was based on his being Black." Id. at 457.

16

Moreover, plaintiff points to no authority—nor is the Court aware of any—for the proposition that an employer's decision to eliminate a position circumvents the requirement that a plaintiff must show the position remained open and the employer continued to seek applicants with plaintiff's qualifications.  Indeed, in Petrosino v. Bell Atl., 385 F.3d 210, 228 (2d Cir. 2004), the Second Circuit found the plaintiff could not sustain a failure to promote claim because she could not produce "evidence of any . . . vacancies" after a business decision by the company "eliminated the need" for the position the plaintiff wanted to obtain.  See also Wheeler v. Praxair Surface Techs., Inc., 694 F. Supp. 3d at 458 (granting summary judgment on plaintiff's failure to promote claim because, in part, "the post [plaintiff] sought was never filled and eventually eliminated").  ASR's ongoing use of Lab Techs to perform some tasks also performed by Senior Techs does not change this analysis.  As in Petrosino, ASR made a personnel decision that eliminated the need for one position by reallocating duties to others—here, by hiring another Lab Tech in lieu of a Senior Tech and reassigning certain responsibilities when necessary.

Plaintiff's speculation regarding ASR's motive for eliminating the third Senior Tech position does not create a material question of fact necessary to survive summary judgment. Therefore, he cannot make a prima facie showing of discriminatory failure to promote.

III.    Retaliation Claims

Defendants argue plaintiff fails to point to any evidence creating a triable issue of fact regarding his retaliation claims under Title VII, Section 1981, or the NYSHRL.

The Court agrees.

A.    Legal Standard

Plaintiff's retaliation claims under Title VII, Section 1981, and the NYSHRL are also governed by the McDonnell Douglas burden-shifting framework.  See Alvarado v. United

17

Hospice, Inc., 631 F. Supp. 3d 89, 116 (S.D.N.Y. 2022) (collecting cases).  To make out a prima

facie case of retaliation under Title VII, Section 1981, and the NYSHRL, a plaintiff must show

he (i) "engaged in protected activity," (ii) "the defendant was aware of that activity," (iii) he "was

subjected to a retaliatory action" that was "materially adverse," and (iv) "there was a causal

connection between the protected activity and the materially adverse action."  Carr v. N.Y.C.

Transit Auth., 76 F.4th 172, 180 (2d Cir. 2023); Said v. NYC Health & Hosp. Corp., 2024 WL

1769317, at *3 (E.D.N.Y. Apr. 24, 2024) (listing elements of a prima facie case under the

NYSHRL as "similar [in] form to Title VII").[4]

 A "protected activity" entails "action taken to protest or oppose statutorily prohibited

discrimination."  Jarrell v. Hosp. for Special Care, 626 F. App'x 308, 311 (2d Cir. 2015)

(summary order).  Therefore, complaints of unfair treatment or "generalized grievances about an

unpleasant or even harsh work environment, without more . . . fail to rise to the level of protected

activity."  Green v. Mount Sinai Health Sys., Inc., 826 F. App'x 124, 125 (2d Cir. 2020)

(summary order).  "The onus is on the speaker to clarify to the employer that he is complaining

of unfair treatment due to his membership in a protected class."  Aspilaire v. Wyeth Pharms.,

Inc., 612 F. Supp. 2d 289, 308–09 (S.D.N.Y. 2009).

---

[4] Although previously the same standard applied to Title VII and NYSHRL retaliation
claims, in 2019, the NYSHRL was amended to relax the standard for retaliation claims.  Everett
v. N.Y.C Dep't of Educ., 2023 WL 5629295, at *14 (S.D.N.Y. Aug. 31, 2023).  "While New York
courts have not yet produced any substantive analysis of how this amendment changes standards
of liability under the NYSHRL, courts in this District have interpreted the amendment as
rendering the standard for claims closer to the [broader] standard of the" New York City Human
Rights Law ("NYCHRL").  Kaye v. N.Y.C. Health & Hosps. Corp., 2023 WL 2745556, at *17
(S.D.N.Y. Mar. 31, 2023).  The Court "need not resolve the impact of these amendments here"
because plaintiff's "claims fall short even under the NYCHRL's more liberal standards."  Cooper
v. Franklin Templeton Invs., 2023 WL 3882977, at *3 (2d Cir. June 8, 2023) (summary order).

To establish a materially adverse employment action for purposes of a retaliation claim, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).

For purposes of a retaliation claim, causation can be established: "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus against the plaintiff by the defendant." Gordon v. N.Y.C. Bd. of Educ., 232 F.3d 111, 117 (2d. Cir 2000). Moreover, the plaintiff must present "proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 360 (2013). Thus, Title VII, Section 1981, and NYSHRL retaliation claims all require evidence that the desire to retaliate was the "but-for cause" of the materially adverse action. See Gordon-Mallet v. Mt. Sinai Hosps. Grp., Inc., 2024 WL 1513910, at *18 (S.D.N.Y. Apr. 8, 2024) (applying but-for causation standard to retaliation claims under Title VII, Section 1981, and the NYSHRL).

Temporal proximity between the adverse action and the protected activity may, on its own, be sufficient to establish a prima facie element of causation. Parron v. Herbert, 768 F. App'x 75, 77 (2d Cir. 2019) (summary order). Causation may also be established by showing that "the agent who decides to impose the adverse action but is ignorant of the plaintiff's protected activity acts pursuant to encouragement by a superior (who has knowledge) to disfavor the plaintiff." Summa v. Hofstra Univ., 708 F.3d 115, 127 (2d Cir. 2013).

19

"Once a prima facie case of retaliation is established, the burden of production shifts to the employer to demonstrate that a legitimate, nondiscriminatory reason existed for its action." Summa v. Hofstra Univ., 708 F.3d at 125. "If the employer demonstrates a legitimate, non-discriminatory reason, then the burden shifts back to the plaintiff to establish, through either direct or circumstantial evidence, that the employer's action was, in fact, motivated by discriminatory retaliation." Id.

B.    Analysis

Here, plaintiff predicates his retaliation claims on six supposed materially adverse employment actions:  (i) scrutiny of his paperwork by Angone and Tappan Dutta, an ASR employee who left the Lab in 2011; (ii) the 2019 assignment of sugar-loss monitoring tasks to Lab Techs according to staffing needs; (iii) the 2019 denial of his requested promotion to Senior Tech; (iv) the 2020 decision to train all Lab Techs on sugar-loss monitoring issues; (v) the September 2020 denial of plaintiff's requested promotion to Senior Tech; and (vi) Angone's continued hostility after plaintiff submitted his 2019 and 2020 grievances.

All but one of these allegedly adverse employment actions cannot sustain a prima facie case of retaliation.  First, several of these employment actions—specifically, the 2011 scrutiny of plaintiff's paperwork by Dutta, the 2019 assignment of sugar-loss monitoring tasks to Lab Techs, and the 2019 denial of plaintiff's requested promotion to Senior Tech—all occurred before plaintiff's first complaint:  the August 2019 grievance.  As such, plaintiff cannot establish a causal connection between the protected activity and the adverse employment actions.  Owens v. City of N.Y. Dep't of Educ., 2021 WL 3862974, at *16 (S.D.N.Y. Aug. 30, 2021).

Second, on a related note, plaintiff contends Angone created a retaliatory hostile work environment after plaintiff filed the August 2019 grievance, but he also contends Angone created

20

a hostile work environment <u>before</u> that grievance as well.  "To establish a causal connection

between the protected activity and the hostile work environment, some increase in the

discrimination or harassment—either a ratcheting up of the preexisting behavior, or new,

additional forms of harassment—must occur for the employee to make out a viable retaliation

claim."  <u>Molina v. John Jay Inst. For Justice & Opportunity/City Univ. of N.Y.</u>, 2024 WL

4276913, at *11 (S.D.N.Y. Sept. 24, 2024).   In an affidavit filed in support of his opposition to

defendants' motion for summary judgment, plaintiff asserts Angone "increased" his hostile

treatment of plaintiff beginning in May 2020, including by becoming "furious when Plaintiff left

his desk for a minute, refusing to speak with plaintiff, and "repeatedly" concealing overtime

opportunities from plaintiff until "the last minute" so plaintiff could not claim them.  (Garrison

Decl. at ¶¶ 46–47).  But plaintiff's affidavit contradicts his deposition testimony; when testifying

about the retaliation he experienced, he did not allege that Angone increased his hostile conduct

in May 2020, nor did he list the specific behaviors referenced in the affidavit.  Plaintiff cannot

defeat summary judgment by relying on a new affidavit that contradicts his previous deposition

testimony.  <u>Moll v. Telesector Res. Grp., Inc.</u>, 760 F.3d 198, 205 (2d Cir. 2014).   Thus, because

plaintiff has produced no evidence showing "a ratcheting up" of Angone's conduct after the

August 2019 complaint, he cannot make a <u>prima</u> <u>facie</u> showing of a claim of retaliatory hostile

work environment as to Angone's behavior.  <u>Molina v. John Jay Inst. For Justice &</u>

<u>Opportunity/City Univ. of N.Y.</u>, 2024 WL 4276913, at *11.

     Third, the decision to train all Lab Techs on sugar-loss monitoring, and then to assign

them those tasks when necessary, is not an adverse employment action.  Although the standard

for determining an adverse employment action is lower in the retaliation context than in the

discrimination context, <u>see</u> <u>Carr v. N.Y.C. Transit Auth.</u>, 76 F.4th at 179, the training and

assignment of sugar-loss monitoring to Lab Techs is not an adverse employment action for purposes of plaintiff's retaliation claim as well as his discrimination claim. Plaintiff was not disciplined, transferred to a new position, or placed in materially worse working conditions. The training and assignment of sugar-loss monitoring tasks to Lab Techs was a policy implemented by ASR that applied equally to all Lab Techs. "[A]bsent allegations of more direct hostile conduct, a reasonable employee would not be dissuaded from taking protected action simply because they are subject to the same policies as other employees." Id. at 180.

That leaves only the September 2020 decision to not create a third Senior Tech role, and thus deny plaintiff's requested promotion to Senior Tech. Unlike the other supposed instances of retaliation, plaintiff has put forth a prima facie case of retaliation as to this adverse action. Ordinarily, Mendonca's undisputed lack of knowledge of plaintiff's grievances would "doom [plaintiff's] ability to show . . . causation." EEOC v. Bloomberg L.P., 967 F. Supp. 2d 816, 859 (S.D.N.Y. 2013). But here, plaintiff has raised an inference that Mendonca's decision to not reinstate the third Senior Tech position was influenced by Angone, who knew of plaintiff's grievances and expressed animosity toward him. Although Mendonca testified that, during the September 2, 2020, meeting to discuss the Senior Tech position, Angone spoke in favor of creating the position, Forrester affirmed in his declaration that, during the spring and summer of 2020, Angone repeatedly voiced his opposition to promoting plaintiff to Senior Tech. Because Mendonca included Angone in the September 2, 2020, meeting, and a reasonable jury could infer from the evidence that Angone opposed plaintiff's promotion in that meeting or in separate conversations with other ASR employees who spoke to Mendonca, plaintiff has made a prima facie showing of causation. Summa v. Hofstra Univ., 708 F.3d at 127.

Turning to the next step of the McDonnell-Douglas analysis, Mendonca asserted that she decided not to revive the third Senior Tech because she was convinced there was no business need to do so, especially in light of the Lab's already high overtime costs. As such, defendants have proffered a legitimate, non-retaliatory justification for the decision not to create the third Senior Tech position.

Plaintiff's retaliation claim falters on the third McDonnell-Douglas step: he cannot point to evidence that would be sufficient to permit a rational factfinder to conclude that defendants relied on a pretextual reason in refusing to reestablish the third Senior Tech slot. In fact, plaintiff does not even attempt to argue Mendonca's stated reason was pretextual. Instead, he contests the underlying logic of her rationale by contending a third Senior Tech role would have had no impact on the amount of overtime incurred at the Lab. But an employee's dispute as to the soundness of an employer's non-retaliatory business decision does not create a genuine dispute of material fact. "[T]he key issue is what motivated" an employer's decision, not whether the non-discriminatory justification for that decision was accurate. James v. Port Authority Police Dep't, 2025 WL 966016, at *24 (S.D.N.Y. Mar. 31, 2025). Therefore, plaintiff's "disagreement on the facts" regarding the Lab's overtime costs "misses the point." Id.[5] Because plaintiff has put forth no evidence suggesting Mendonca's stated business reason for not reviving the third Senior Tech position was pretext for discrimination, summary judgment is appropriate as to

---

[5]     A plaintiff's factual disagreement with the rationale for an employer's non-discriminatory decision typically arises in the context of disciplinary actions. See, e.g., Vasquez v. Empress Ambulance Serv., Inc., 835 F.3d 267, 275 (2d Cir. 2016) ("[W]hen considering the legitimacy of an employer's reason for an employment action, we look to what motivated the employer rather than to the truth of the allegations against the plaintiff on which it relies."). Here, ASR's decision to not fill the third Senior Tech position had nothing to do with plaintiff's performance and instead was related to broader staffing and financial concerns. As such, plaintiff's challenge to the factual basis for that decision is even less persuasive than a factual challenge to an employment action taken against him.

plaintiff's retaliation claim arising from the denial of his requested promotion in September 2020.

IV.    Hostile Work Environment Claim

Defendant argues that plaintiff's hostile work environment claim under the NYSHRL fails because plaintiff's alleged evidence shows nothing more than petty slights.[6]

The Court agrees.

A.    Legal Standard

To state a hostile work environment claim under the NYSHRL, a plaintiff must establish that he was "subjected to inferior terms, conditions, or privileges of employment because of [his] membership in one or more protected categories." Totorici v. Bus-Tev, LLC, 2021 WL 4177209, at *13 (S.D.N.Y. Sept. 13, 2021). However, a claim for hostile work environment under the NYSHRL will not succeed if the offending actions are "nothing more than petty slights or trivial inconveniences." Magnoni v. Smith Laquercia, LLP, 701 F. Supp. 2d 497, 505 (S.D.N.Y. 2010).

B.    Analysis

Before reaching the merits of this claim, the Court must address two threshold issues raised by the parties.

First, under the continuing violation doctrine, the Court can consider events that occurred prior to October 11, 2019,[7] when evaluating plaintiff' hostile work environment claim. Under that doctrine, "otherwise time-barred discrete acts are considered timely where specific and

---

[6]    The Court previously granted defendants' motion to dismiss plaintiff's Title VII and Section 1981 hostile work environment claims, allowing only plaintiff's NYSHRL hostile work environment claim to proceed to summary judgment. (Doc. #38).

[7]    The "inferior terms, conditions, or privileges of employment" standard for proving a hostile work environment claim under New York State law went into effect on October 11, 2019. See Arazi v. Cohen Bros. Realty Corp., 2022 WL 912940, at *7 (S.D.N.Y. Mar. 28, 2022).

related instances of discrimination are permitted by the employer to continue unremedied for so

long as to amount to a discriminatory policy or practice." Munjal v. Emirates, 2022 WL 204775,

at *6 (S.D.N.Y. Jan. 24, 2022).[8]  Defendants argue that the continuing violation doctrine does not

apply when the "incidents are unrelated and significant gaps in time break the asserted

continuum of discrimination."  (Doc. #86 at 8).  To be sure, defendants are correct that unrelated,

temporally distinct factual allegations do not fall under the continuing violation doctrine.

McGullam v. Cedar Graphics, Inc., 609 F.3d 70, 78 (2d Cir. 2010).  Here, however, plaintiff's

allegations on this claim all relate to comments and actions taken by Angone—not by multiple

different supervisors or coworkers across separate departments, as is often the case when courts

find that the continuing violation doctrine does not apply.  See Newton v. LVMH Moet Hennessy

Louis Vuitton Inc., 746 F. Supp. 3d 135, 154 (S.D.N.Y. 2024).  And, unlike cases where courts

reject the continuing violation doctrine, Angone's alleged actions are not separated by

intervening actions taken by ASR in response to complaints raised by plaintiff.  See Kocar v. Port

Auth. of N.Y. and N.J., 2022 WL 624070, at *5–6 (S.D.N.Y. Mar. 2, 2022).

Second, the Court cannot consider some of plaintiff's proffered evidence on this claim

because it is inadmissible.  "In assessing motions for summary judgment, courts may consider

only evidence that would be admissible at trial." Brown v. Montefiore Med. Ctr., 2024 WL

1367974, at *8 (S.D.N.Y. Mar. 31, 2024).  Inadmissible evidence, such as hearsay that is not

otherwise admissible pursuant to the Federal Rules of Evidence, "is insufficient to create a

genuine issue of fact, absent a showing that admissible evidence will be available at trial." Id.

In support of his hostile work environment claim, plaintiff offers multiple instances of

---

[8]     This formulation of the continuing violation doctrine is specific to NYSHRL claims. See
Munjal v. Emirates, 2022 WL 204775, at *6.

inadmissible hearsay, such as statements in which coworkers informed plaintiff and another ASR employee, Andrea Stephens, that Angone was racist. Because these statements would not be admissible at trial, the Court cannot consider them in deciding defendants' motion for summary judgment. Id. Plaintiff does not contest that these statements are inadmissible hearsay, nor does he otherwise attempt to show that admissible evidence regarding these allegations will be available at trial.

Other evidence that plaintiff proffers is inadmissible for different reasons. For instance, in his affidavit, plaintiff asserts that Angone once called him "boy." (Garrison Decl. at ¶ 32). Yet that assertion contradicts plaintiff's prior testimony, when he was asked to list all of the racially discriminatory comments Angone made in his presence and did not mention the "boy" incident. Again, plaintiff cannot defeat summary judgment by relying on a new affidavit that contradicts his previous deposition testimony. Moll v. Telesector Res. Grp., Inc., 760 F.3d at 205.

Thus, when considering plaintiff's hostile work environment claim, the Court may, and will, consider evidence of pre-October 11, 2019, incidents as part of a continuing violation, but it will not consider statements that would be inadmissible at trial or statements introduced through an affidavit that contradicts a party's testimony.

Having reviewed that factual universe as a whole, and having drawn all reasonable inferences in plaintiff's favor, the Court determines that plaintiff's hostile work environment claim cannot survive summary judgment. The admissible evidence here includes: the comment Angone made to plaintiff and another ASR employee in which Angone stated "I have so much work to do today I feel like a slave" (Doc. 78-1 at Tr. 198); the incident in which Angone directed plaintiff and another African American employee to lift heavy objects and, in response to their complaints, asked "[W]hat are you complaining about. You know you people are strong"

(Id. at Tr. 301); Angone's description of Black Lives Matter protestors as "low lives" (Id. at Tr. 302); Angone's criticism of plaintiff's work to other Lab employees, including calling plaintiff "lazy" (Doc. #78-1 at Tr. 79; Doc. #78-2 at Tr. 20); Angone's assignment of additional work to plaintiff; and Angone's frequent refusal to speak with plaintiff or answer his questions.

Plaintiff's evidence does not create a triable factual dispute as to the existence of a hostile work environment. Defendants argue that Angone's "slave" and "you people are strong" comments are facially neutral but, even assuming they were racially tinged, those comments do not rise beyond the level of "petty slights or trivial inconveniences." Magnoni v. Smith Laquercia, LLP, 701 F. Supp. 2d at 505. Statements that are "unwelcome and upsetting" do not create a hostile work environment if they "do not reflect obvious discrimination or speak to Plaintiff's standing in the workplace." Maynard v. Montefiore Med. Ctr., 2021 WL 396700, at *15 (S.D.N.Y. Feb. 4, 2021). Angone's use of the word "slave" in reference to himself, not plaintiff, has nothing to do with plaintiff's "standing in the workplace." Id. The same goes for Angone's discussion of the Black Lives Matter protests. Similarly, Angone telling other Lab employees that plaintiff was "lazy" also is no more than a petty slight. Inman v. City of New York, 2011 WL 4344015, at *7 (Sept. 13, 2011). Although labeling a racial minority as "lazy" can be an actionable form of hostile work environment, courts typically reach that conclusion when the word is paired with objectively more offensive language. See Philip v. Gtech Corp., 2016 WL 3959729, at *25 (S.D.N.Y. July 20, 2016) (finding that a supervisor's use of the term "lazy n*****", along with "other, secondhand evidence of racial bias," was more than just a petty slight); Wheeler v. Praxair Surface Techs., Inc., 694 F. Supp. 3d at 454 (finding that a supervisor's statement that "Black people are lazy and do not work hard," along with other racially offensive language, surpassed the barrier of petty slights).

As for Angone's "you people are strong" comment, "[s]tanding alone . . . this statement does not indicate that [plaintiff] was treated any less well than [his] colleagues." Grewal v. Cuneo Gilbert & LaDuca LLP, 2017 WL 1215752, at *15 (S.D.N.Y. Mar. 31, 2017). Plaintiff did not, for example, adduce evidence that Angone asked only African American employees to lift heavy objects. Id.

The remaining evidence—Angone's assignment of additional work to plaintiff and his refusal to speak with plaintiff—shows nothing more than incivility and personality conflicts, which do not create a hostile work environment. Davis-Bell v. Columbia Univ., 851 F. Supp. 2d 650, 678 (S.D.N.Y. 2012).

Even when considering the cumulative effect of these incidents, plaintiff has not demonstrated a triable question of fact as to the existence of a hostile work environment. Plaintiff has put forth evidence of a handful "[i]solated incidents of unwelcome verbal conduct." Alexander v. Possible Productions, Inc., 336 F. Supp. 3d 187, 195 (S.D.N.Y. 2018). Isolated comments can create a cause of action under the NYSHRL, but they must be more than petty slights or inconveniences. Modica v. N.Y.C. Dep't of Educ., 2021 WL 3408587, at *7 (S.D.N.Y. Aug. 4, 2021). Instead, such commentary must be objectively discriminatory or demean the status of plaintiff's protected class in a professional setting. Maynard v. Montefiore Med. Ctr., 2021 WL 396700, at *15. Here, plaintiff has "failed to produce evidence to create a question of fact as to whether [he] was subjected to a hostile work environment because of [his] protected characteristics." Marseille v. Mount Sinai Health Sys., Inc., 2021 WL 3475620, at *11 (S.D.N.Y. Aug. 5, 2021). Cf. Wheeler v. Praxair Surface Techs., Inc., 694 F. Supp. 3d at 454–55 (denying summary judgment on NYSHRL hostile work environment claim because "much of the

commentary at issue overtly referenced race" and "demean[ed] [the employer's] Black employees as unworthy of the workplace on account of race").

Accordingly, plaintiff cannot defeat summary judgment on his NYSHRL hostile work environment claim.

V.   NYEPA Unequal Pay Claim

Defendants argue plaintiff's NYEPA unequal pay claim fails because plaintiff's compensation was equal to that of his actual peers.

The Court agrees.

A.   Legal Standard

To establish a NYEPA violation, a plaintiff must show (i) the employer pays different wages to individuals who are not members of the plaintiff's protected class (or classes), (ii) "the employees perform equal work on jobs requiring equal skill, effort, and responsibility," and (iii) "the jobs are performed under similar working conditions." Eisenhauer v. Culinary Inst. Of Am., 84 F.4th 507, 523 (2d Cir. 2023). "Critical to these claims are the equal work inquiry, which requires evidence that the jobs compared are substantially equal." Woods-Early v. Corning Inc., 2023 WL 4598358, at *4 (W.D.N.Y. July 18, 2023).

B.   Analysis

The parties dispute whether plaintiff's proposed comparators, Senior Techs Johnson and Jabbi, are members of his protected class, but even assuming they are not, plaintiff has not shown that he and the two Senior Techs perform equal work. Plaintiff does not dispute that: (i) Johnson and Jabbi are more senior than he is; (ii) they underwent training on instrument calibrations, chemical titrations, and microbiology that he has not received; and (iii) unlike Johnson and Jabbi, plaintiff has never performed work related to those specific responsibilities. A difference in

training and assigned duties is a significant indication that individuals do not perform equal work.  Black v. Buffalo Meat Service., Inc., 2022 WL 2902693, at *4 (2d Cir. July 22, 2022).

Plaintiff rests his equal pay argument on the fact that he, Johnson, and Jabbi perform some of the same tasks, but "it is not enough to point out that some work duties overlap"; when considering a plaintiff's NYEPA claim, courts must examine "the myriad factors, such as education, training, job requirements, job responsibilities, hours worked, and similar working conditions" that form the relevant analysis.  Woods-Early v. Corning Inc., 2023 WL 4598358, at *6.  The relevant factors here—training, job requirements, and experience or seniority— demonstrate that plaintiff has "not shown that [his] job and [Johnson and Jabbi's jobs] demanded equal work" as defined under NYEPA.  Edelman v. NYU Langone Health Sys., 708 F. Supp. 3d 409, 431 (S.D.N.Y. 2023).

VI.    NYSHRL Aiding and Abetting Claim

Because the Court concludes plaintiff was not discriminated against based on his race or retaliated against based on his actions, there can be no claim that Angone aided and abetted such unlawful conduct.

**CONCLUSION**

The motion for summary judgment is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #75) and close this case.

Dated: June 25, 2025
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

CLOSED,APPEAL,ECF,MEDTFR4

# U.S. District Court
## Southern District of New York (White Plains)
## CIVIL DOCKET FOR CASE #: 7:21-cv-10917-VB

Garrison v. American Sugar Refining, Inc. et al      Date Filed: 12/20/2021

Assigned to: Judge Vincent L. Briccetti      Date Terminated: 06/26/2025

Demand: $2,500,000      Jury Demand: Plaintiff

Case in other court: New York Supreme Court, County of      Nature of Suit: 442 Civil Rights: Jobs

Westchester, 56951/2021      Jurisdiction: Diversity

Cause: 28:1332nr Diversity: Notice of Removal

**Plaintiff**

**Davall Garrison**      represented by      **Frances Codd Slusarz**
Gordon Rees Scully Mansukhani
One Battery Park Plaza, 28th Fl
New York, NY 10004
212-269-5500
Fax: 212-269-5505
Email: fslusarz@grsm.com
*TERMINATED: 03/05/2025*

**Megan Sarah Goddard**
Goddard Law PLLC
39 Broadway, Suite 1540
Suite 1540
New York, NY 10006
646-964-1178
Fax: 212-208-2914
Email: megan@goddardlawnyc.com
*ATTORNEY TO BE NOTICED*

**Shaina Claire Wood**
Goddard Law PLLC
39 Broadway
Suite 1540
New York, NY 10006
646-964-1178
Email: shaina@goddardlawnyc.com
*TERMINATED: 12/06/2022*

V.

**Defendant**

**American Sugar Refining, Inc.**      represented by      **Allan S Bloom**
Proskauer Rose LLP (NYC)
11 Times Square
New York, NY 10036
212-969-4001
Fax: 212-969-2900

Email: ABloom@proskauer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Abigail Rosenblum**
Proskauer Rose LLP
11 Times Square
New York, NY 10036
212-969-3854
Email: arosenblum@proskauer.com
*ATTORNEY TO BE NOTICED*

**Melissa Ann Overbeck**
Proskauer Rose LLP
New York
11 Times Square
New York, NY 10036
212-969-3086
Email: MOverbeck@proskauer.com
*ATTORNEY TO BE NOTICED*

**Yonatan L Grossman-Boder**
Proskauer Rose LLP (NYC)
11 Times Square
New York, NY 10036
212-969-3248
Fax: 212-969-2900
Email: ygrossman-boder@proskauer.com
*ATTORNEY TO BE NOTICED*

**Lawrence Roy Sandak**
Law Office of Lawrence R. Sandak
101 Eisenhower Pkwy
Ste 300
Roseland, NJ 07068
732-245-1550
Fax: 973-994-2435
Email: lrs@sandaklaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**American Sugar Holdings, Inc.**          represented by   **Allan S Bloom**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Abigail Rosenblum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa Ann Overbeck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yonatan L Grossman-Boder**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lawrence Roy Sandak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ASR Group International, Inc.,**                represented by      **Allan S Bloom**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Abigail Rosenblum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa Ann Overbeck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Yonatan L Grossman-Boder**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lawrence Roy Sandak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tappan Dutta**                represented by      **Lawrence Roy Sandak**
*TERMINATED: 12/22/2022*                                (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yonatan L Grossman-Boder**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dennis Angone**                represented by      **Allan S Bloom**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lawrence Roy Sandak**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yonatan L Grossman-Boder**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Abigail Rosenblum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Melissa Ann Overbeck**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/20/2021 | 1 | NOTICE OF REMOVAL from Supreme Court, County of Westchester. Case Number: 56951/2021. (Filing Fee $ 402.00, Receipt Number ANYSDC-25494574).Document filed by ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2).(Sandak, Lawrence) (Entered: 12/20/2021) |
| 12/20/2021 | 2 | CIVIL COVER SHEET filed..(Sandak, Lawrence) (Entered: 12/20/2021) |
| 12/20/2021 | 3 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent ASR Group International, Inc., for American Sugar Refining, Inc.. Document filed by American Sugar Holdings, Inc., American Sugar Refining, Inc...(Sandak, Lawrence) (Entered: 12/20/2021) |
| 12/20/2021 | 4 | NOTICE OF APPEARANCE by Yonatan L Grossman-Boder on behalf of ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc... (Grossman-Boder, Yonatan) (Entered: 12/20/2021) |
| 12/21/2021 | | Case Designated ECF. (gp) (Entered: 12/21/2021) |
| 12/21/2021 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Vincent L. Briccetti. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(gp) (Entered: 12/21/2021) |
| 12/21/2021 | | Magistrate Judge Paul E. Davison is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (gp) (Entered: 12/21/2021) |
| 12/21/2021 | | Case Designated ECF. (gp) (Entered: 12/21/2021) |
| 12/22/2021 | 5 | CERTIFICATE OF SERVICE of Notice of Filling of Notice of Removal served on Megan Goddard, Esq. and Siobhan Klassen, Esq. and County Clerk, Supreme Court of the State of New York, County of Westchester on December 20, 2021 and Service was made via NYSCEF E-filing System, and of Notice of Removal, Civil Cover Sheet, Notice of Filing of Notice of Removal, Individual Rules for the Hon. Vincent L. Briccetti, Individual Rules for Hon. Paul E. Davison, and the SDNY ECF Instructions and Rules served on Megan S. Goddard, Esq. and Siobhan Klassen, Esq. on December 21 2021 served on Plaintiff Davall Garrison on December 21, 2021. Service was made by United States Mail and Electronic |

| | | |
|---|---|---|
| | | Mail. Document filed by ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc...(Grossman-Boder, Yonatan) (Entered: 12/22/2021) |
| 12/22/2021 | 6 | NOTICE OF APPEARANCE by Megan Sarah Goddard on behalf of Davall Garrison.. (Goddard, Megan) (Entered: 12/22/2021) |
| 12/23/2021 | 7 | JOINT LETTER MOTION for Extension of Time *to Serve Complaint and Answer or Otherwise Respond.* addressed to Judge Vincent L. Briccetti from Lawrence R. Sandak dated 12/23/2021. Document filed by ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc...(Sandak, Lawrence) (Entered: 12/23/2021) |
| 12/23/2021 | 8 | ORDER granting 7 Letter Motion for Extension of Time; Plaintiff's complaint shall be served and filed by 2/18/2022. Defendants shall file their answer or other response to the complaint by 4/18/2022. (HEREBY ORDERED by Judge Vincent L. Briccetti)(Text Only Order) (Briccetti, Vincent) (Entered: 12/23/2021) |
| 02/18/2022 | 9 | COMPLAINT against ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Tappan Dutta, Dennis Angone. (Filing Fee $ 402.00, Receipt Number ANYSDC-25753528)Document filed by Davall Garrison..(Goddard, Megan) (Entered: 02/18/2022) |
| 02/18/2022 | 10 | REQUEST FOR ISSUANCE OF SUMMONS as to Tappan Dutta, re: 9 Complaint. Document filed by Davall Garrison..(Goddard, Megan) (Entered: 02/18/2022) |
| 02/18/2022 | 11 | REQUEST FOR ISSUANCE OF SUMMONS as to Dennis Angone, re: 9 Complaint. Document filed by Davall Garrison..(Goddard, Megan) (Entered: 02/18/2022) |
| 02/18/2022 | 12 | ELECTRONIC SUMMONS ISSUED as to Tappan Dutta..(gp) (Entered: 02/18/2022) |
| 02/18/2022 | 13 | ELECTRONIC SUMMONS ISSUED as to Dennis Angone..(gp) (Entered: 02/18/2022) |
| 02/18/2022 | 14 | LETTER MOTION for Extension of Time *to Serve the Individual Defendants* addressed to Judge Vincent L. Briccetti from Megan S. Goddard, Esq. dated February 18, 2022. Document filed by Davall Garrison..(Goddard, Megan) (Entered: 02/18/2022) |
| 02/22/2022 | 15 | ORDER granting 14 Letter Motion for Extension of Time: By 3/21/2022, plaintiff shall serve the summons and complaint on the individual defendants. (HEREBY ORDERED by Judge Vincent L. Briccetti)(Text Only Order) (jsy) (Entered: 02/22/2022) |
| 03/15/2022 | 16 | NOTICE OF APPEARANCE by Yonatan L Grossman-Boder on behalf of Dennis Angone, Tappan Dutta..(Grossman-Boder, Yonatan) (Entered: 03/15/2022) |
| 03/15/2022 | 17 | NOTICE OF APPEARANCE by Lawrence Roy Sandak on behalf of Dennis Angone, Tappan Dutta..(Sandak, Lawrence) (Entered: 03/15/2022) |
| 03/23/2022 | 18 | WAIVER OF SERVICE RETURNED EXECUTED. Dennis Angone waiver sent on 3/15/2022, answer due 5/16/2022. Document filed by Davall Garrison..(Goddard, Megan) (Entered: 03/23/2022) |
| 03/23/2022 | 19 | WAIVER OF SERVICE RETURNED EXECUTED. Tappan Dutta waiver sent on 3/15/2022, answer due 5/16/2022. Document filed by Davall Garrison..(Goddard, Megan) (Entered: 03/23/2022) |
| 04/18/2022 | 20 | MOTION to Dismiss . Document filed by ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone, Tappan Dutta..(Sandak, Lawrence) (Entered: 04/18/2022) |
| 04/18/2022 | 21 | MEMORANDUM OF LAW in Support re: 20 MOTION to Dismiss . . Document filed by ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone, Tappan Dutta..(Sandak, Lawrence) (Entered: 04/18/2022) |

| | | |
|---|---|---|
| 04/18/2022 | 22 | DECLARATION of LAWRENCE R. SANDAK in Support re: 20 MOTION to Dismiss .. Document filed by ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone, Tappan Dutta. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F).(Sandak, Lawrence) (Entered: 04/18/2022) |
| 04/19/2022 | 23 | ORDER: Accordingly, it is hereby ORDERED that, by no later than April 28, 2022, plaintiff must notify the Court by letter whether he (i) intends to file an amended complaint in response to the motion to dismiss, or (ii) will rely on the complaint that is the subject of the motion to dismiss, as further set forth herein. (Signed by Judge Vincent L. Briccetti on 4/19/2022) (mml) (Entered: 04/19/2022) |
| 04/28/2022 | 24 | LETTER addressed to Judge Vincent L. Briccetti from Megan S. Goddard, Esq. dated April 28, 2022 re: Filing of Amended Complaint in Response to Defendants' Motion to Dismiss. Document filed by Davall Garrison..(Goddard, Megan) (Entered: 04/28/2022) |
| 04/29/2022 | 25 | MEMO ENDORSEMENT on re: 24 Letter filed by Davall Garrison. ENDORSEMENT: The amended complaint shall be filed by 5/12/22. So Ordered. (Amended Pleadings due by 5/12/2022.) (Signed by Judge Vincent L. Briccetti on 4/28/2022) (mml) (Entered: 04/29/2022) |
| 05/12/2022 | 26 | AMENDED COMPLAINT amending 9 Complaint against ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone, Tappan Dutta with JURY DEMAND.Document filed by Davall Garrison. Related document: 9 Complaint..(Goddard, Megan) (Entered: 05/12/2022) |
| 06/02/2022 | 27 | MOTION to Dismiss *THE AMENDED COMPLAINT*. Document filed by ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone, Tappan Dutta..(Sandak, Lawrence) (Entered: 06/02/2022) |
| 06/02/2022 | 28 | MEMORANDUM OF LAW in Support re: 27 MOTION to Dismiss *THE AMENDED COMPLAINT*. . Document filed by ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone, Tappan Dutta..(Sandak, Lawrence) (Entered: 06/02/2022) |
| 06/02/2022 | 29 | DECLARATION of LAWRENCE R. SANDAK in Support re: 27 MOTION to Dismiss *THE AMENDED COMPLAINT*.. Document filed by ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone, Tappan Dutta. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F).(Sandak, Lawrence) (Entered: 06/02/2022) |
| 06/03/2022 | 30 | ORDER denying as moot 20 Motion to Dismiss: Defendants' motion to dismiss the complaint is terminated as moot in light of defendants' motion to dismiss the amended complaint. (Doc. #27). (HEREBY ORDERED by Judge Vincent L. Briccetti)(Text Only Order) (jsy) (Entered: 06/03/2022) |
| 06/06/2022 | 31 | NOTICE OF APPEARANCE by Shaina Claire Wood on behalf of Davall Garrison.. (Wood, Shaina) (Entered: 06/06/2022) |
| 06/07/2022 | 32 | FIRST LETTER MOTION for Extension of Time *to File Opposition to Defendant's Motion to Dismiss Amended Complaint* addressed to Judge Vincent L. Briccetti from Shaina Wood, Esq. dated June 7, 2022. Document filed by Davall Garrison..(Wood, Shaina) (Entered: 06/07/2022) |
| 06/07/2022 | 33 | ORDER granting 32 Letter Motion for Extension of Time: Opposition due 6/16/2022. Reply due 6/23/2022. (HEREBY ORDERED by Judge Vincent L. Briccetti)(Text Only Order) (Briccetti, Vincent) (Entered: 06/07/2022) |

| 06/16/2022 | 34 | MEMORANDUM OF LAW in Opposition re: 27 MOTION to Dismiss *THE AMENDED COMPLAINT*. . Document filed by Davall Garrison..(Wood, Shaina) (Entered: 06/16/2022) |
| 06/23/2022 | 35 | REPLY MEMORANDUM OF LAW in Support re: 27 MOTION to Dismiss *THE AMENDED COMPLAINT*. . Document filed by ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone, Tappan Dutta.. (Sandak, Lawrence) (Entered: 06/23/2022) |
| 12/06/2022 | 36 | NOTICE of Withdrawal of Appearance of Shaina C. Wood As Counsel. Document filed by Davall Garrison..(Goddard, Megan) (Entered: 12/06/2022) |
| 12/06/2022 | 37 | ORDER re: 36 Notice (Other) filed by Davall Garrison: [Order granting Doc. #36]The Clerk is instructed to terminate Shaina C. Wood as counsel for plaintiff Davall Garrison. (HEREBY ORDERED by Judge Vincent L. Briccetti) (Text Only Order) (lef) Transmission to Docket Assistant Clerk for processing. (Entered: 12/06/2022) |
| 12/22/2022 | 38 | OPINION AND ORDER: re: 27 MOTION to Dismiss THE AMENDED COMPLAINT. filed by Tappan Dutta, American Sugar Refining, Inc., ASR Group International, Inc., American Sugar Holdings, Inc., Dennis Angone. The motion is GRANTED in part and DENIED in part. Plaintiff's hostile work environment claims under Title VII and Section 1981 are dismissed, as are all claims against Tappan Dutta.All other claims may proceed. By January 5, 2023, the American Sugar defendants and Dennis Angone shall file an answer to the amended complaint. By separate Order, the Court will schedule an initial pretrial conference. The Clerk is instructed to terminate Tappan Dutta as a defendant in this action. The Clerk is further instructed to terminate the motion. (Doc. #27). SO ORDERED., Dennis Angone answer due 1/5/2023., Tappan Dutta terminated. (Signed by Judge Vincent L. Briccetti on 12/22/2022) (ama) (Entered: 12/22/2022) |
| 12/22/2022 | 39 | NOTICE OF INITIAL CONFERENCE: Initial Conference set for 2/2/2023 at 11:00 AM in Courtroom 620, 300 Quarropas Street, White Plains, NY 10601 before Judge Vincent L. Briccetti. (mml) (Entered: 12/22/2022) |
| 12/29/2022 | 40 | LETTER MOTION for Extension of Time to File Answer re: 26 Amended Complaint, addressed to Judge Vincent L. Briccetti from Yonatan L. Grossman-Boder dated December 29, 2022. Document filed by ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone, Tappan Dutta..(Grossman-Boder, Yonatan) (Entered: 12/29/2022) |
| 12/30/2022 | 41 | ORDER granting 40 Letter Motion for Extension of Time to Answer: By 1/19/2023, defendants shall file an answer to the amended complaint. (HEREBY ORDERED by Judge Vincent L. Briccetti)(Text Only Order) (lrc) (Entered: 12/30/2022) |
| 01/19/2023 | 42 | NOTICE OF APPEARANCE by Allan S Bloom on behalf of ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone.. (Bloom, Allan) (Entered: 01/19/2023) |
| 01/19/2023 | 43 | ANSWER to 26 Amended Complaint,. Document filed by ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone..(Bloom, Allan) (Entered: 01/19/2023) |
| 01/24/2023 | 44 | ORDER OF AUTOMATIC REFERRAL TO MEDIATION (See M-10-468 Second Amended Standing Order). Please reference the Pilot Discovery Protocols, attached, and the Mediation Program Procedures (https://nysd.uscourts.gov/programs/mediation-adr). E-mail MediationOffice@nysd.uscourts.gov, telephone 212-805-0643. Mediator to be Assigned by 2/7/2023. (Signed by Judge Loretta A. Preska on 10/01/2015) (rpr) (Entered: 01/24/2023) |

| | | |
|---|---|---|
| 01/24/2023 | 45 | NOTICE OF APPEARANCE by Frances Codd Slusarz on behalf of Davall Garrison.. (Slusarz, Frances) (Entered: 01/24/2023) |
| 01/26/2023 | 46 | PROPOSED CASE MANAGEMENT PLAN. Document filed by ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone..(Bloom, Allan) (Entered: 01/26/2023) |
| 01/31/2023 | 47 | NOTICE OF APPEARANCE by Abigail Rosenblum on behalf of ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone..(Rosenblum, Abigail) (Entered: 01/31/2023) |
| 02/02/2023 | | Minute Entry for proceedings held before Judge Vincent L. Briccetti: Initial Pretrial Conference held on 2/2/2023. (Court Reporter n/a)Case management plan signed. Joint letter regarding the status of settlement due 6-9-23. Further conference is scheduled for 8-16-23 at 12:30 p.m. (dh) (Entered: 02/02/2023) |
| 02/02/2023 | 48 | CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER: All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). This case is to be tried to a jury. Defendants do not consent to the trial by jury of any issue not required by law to be tried to a jury, including but not limited to any determination of equitable remedies. Motions due by 3/6/2023. Non-expert depositions shall be completed by 6/2/2023. Expert Deposition due by 7/17/2023. Fact Discovery due by 6/2/2023. Expert Discovery due by 7/17/2023. Discovery due by 8/2/2023. The parties have conferred and their present best estimate of the length of the trial is 5 days. Case Management Conference set for 8/16/2023 at 12:30 PM before Judge Vincent L. Briccetti. (Signed by Judge Vincent L. Briccetti on 2/2/2023) (mml) (Entered: 02/02/2023) |
| 02/02/2023 | | NOTICE OF MEDIATOR ASSIGNMENT - Notice of assignment of mediator. Mediator Schedule due by 3/6/2023.(ah) (Entered: 02/02/2023) |
| 02/16/2023 | | FIRST MEDIATION CONFERENCE. Mediation Conference scheduled for 4/11/2023 at 10:00 AM in telephone or video conference.(mnp) (Entered: 02/16/2023) |
| 04/11/2023 | | Minute Entry for proceedings held before SDNY Mediation: Mediation Conference held on 4/11/2023. Mediation Status due by 5/11/2023. (mnp) (Entered: 04/12/2023) |
| 05/02/2023 | | SUBSEQUENT MEDIATION CONFERENCE. Mediation Conference scheduled for 5/31/2023 at 10:00 AM in telephone or video conference.(mnp) (Entered: 05/02/2023) |
| 05/24/2023 | | NOTICE OF REDESIGNATION TO ANOTHER MAGISTRATE JUDGE. The above entitled action has been redesignated to Magistrate Judge Victoria Reznik. Please note that this is a reassignment of the designation only. (vfr) (Entered: 05/24/2023) |
| 05/30/2023 | | FINAL REPORT OF MEDIATOR #4. Report of Mediator to the Clerk that the court-ordered mediation in this case was held but was unsuccessful in resolving any issue in the case. The Mediation Unit will consider the referral to be completed and close its files at this time but the judge may re-refer parties to mediation at any point. To evaluate the effectiveness of our Mediators/Mediation Program, a fillable PDF of the survey can be found at https://nysd.uscourts.gov/programs/mediation-adr.(ah) (Entered: 05/30/2023) |
| 06/02/2023 | 49 | FIRST LETTER MOTION for Extension of Time to Complete Discovery *and an adjournment of the status conference* addressed to Judge Vincent L. Briccetti from Frances Codd Slusarz dated June 2, 2023. Document filed by Davall Garrison. (Attachments: # 1 Text of Proposed Order Proposed Revised Civil Case Discovery Plan and Scheduling Order).(Slusarz, Frances) (Entered: 06/02/2023) |

| 06/02/2023 | 50 | ORDER granting 49 Letter Motion for Extension of Time to Complete Discovery: Discovery deadlines are extended as set forth in the Revised Civil Case Discovery Plan and Scheduling Order, which will be separately docketed. The deadline for completion of fact discovery is extended to 9/6/2023, and the deadline for completion of all discovery is extended to 10/31/2023. **The case management conference scheduled for 8/16/2023 is adjourned to 11/15/2023, at 10:00 a.m.** The conference will proceed in person, at the White Plains courthouse, courtroom 620. By 9/7/2023, the parties shall submit a joint letter regarding the status of settlement discussions. (HEREBY ORDERED by Judge Vincent L. Briccetti)(Text Only Order) (lef) (Entered: 06/02/2023) |
|---|---|---|
| 06/05/2023 | 51 | REVISED CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER: All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.) This case is to be tried to a jury. Deposition due by 10/16/2023. Fact Discovery due by 9/6/2023. Non-expert depositions shall be completed by September 6, 2023. Expert Discovery due by 10/16/2023. Discovery due by 10/31/2023. The parties have conferred and their present best estimate of the length of the trial is 5 days. Case Management Conference set for 11/11/2023 at 10:00 AM before Judge Vincent L. Briccetti. SO ORDERED. (Signed by Judge Vincent L. Briccetti on 6/2/23) (yv) (Entered: 06/05/2023) |
| 07/11/2023 | 52 | NOTICE OF APPEARANCE by Melissa Ann Overbeck on behalf of ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone..(Overbeck, Melissa) (Entered: 07/11/2023) |
| 08/10/2023 | 53 | PROPOSED STIPULATION AND ORDER. Document filed by ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone..(Bloom, Allan) (Entered: 08/10/2023) |
| 08/10/2023 | 54 | CONFIDENTIALITY STIPULATION AND ORDER...regarding procedures to be followed that shall govern the handling of confidential material... SO ORDERED. (Signed by Judge Vincent L. Briccetti on 8/10/2023) (tg) (Entered: 08/10/2023) |
| 08/10/2023 | 55 | ORDER REGARDING SEALED DOCUMENTS: The Court having So Ordered the parties' Stipulated Confidentiality and Protective Order, dated August 10, 2023, which, among other things, provides for the filing of documents under seal, it is further ORDERED: 1. The parties shall consult and comply with the instructions for filing documents under seal, as set forth in: (i) Section 6 of the Court's Electronic Case Filing Rules & Instructions; (ii) the Court's "Sealed Records Filing Instructions," available at https://nysd.uscourts.gov/programs/records; and (iii) Judge Briccetti's Individual Practices. 2. A full and unredacted courtesy copy of any submission of documents electronically filed under seal shall be provided to Chambers as soon as practicable, marked "Chambers Copy" and "Contains Confidential Information Filed Under Seal." SO ORDERED. (Signed by Judge Vincent L. Briccetti on 8/10/2023) (tg) (Entered: 08/10/2023) |
| 08/21/2023 | 56 | CONSENT LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Vincent L. Briccetti from Frances Codd Slusarz dated August 21, 2023. Document filed by Davall Garrison. (Attachments: # 1 Proposed Order Proposed Second Revised Discovery Plan).(Slusarz, Frances) (Entered: 08/21/2023) |
| 08/23/2023 | 57 | ORDER granting 56 Letter Motion for Extension of Time to Complete Discovery: Discovery deadlines are extended as set forth in the Second Revised Civil Case Discovery Plan and Scheduling Order, which will be separately docketed. The deadline for completion of fact discovery is extended to 12/5/2023, and the deadline for completion of all discovery is extended to 2/15/2024. The case management conference scheduled for |

| | | |
|---|---|---|
| | | 11/15/2023 is adjourned to 12/14/2023, at 10:00 a.m. The conference will proceed in person, at the White Plains courthouse, courtroom 620. By 11/15/2023, the parties shall submit a joint letter regarding the status of settlement discussions. (HEREBY ORDERED by Judge Vincent L. Briccetti)(Text Only Order) (KEM) (Entered: 08/23/2023) |
| 08/23/2023 | 58 | SECOND REVISED CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER: All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). This case is to be tried to a jury. Non-expert depositions shall be completed by 12/5/2023. eXPERT Deposition due by 1/30/2024. Fact Discovery due by 12/5/2023. Expert Discovery due by 1/30/2024. Discovery due by 2/15/2024. The parties have conferred and their present best estimate of the length of the trial is 5 days. Case Management Conference set for 12/14/2023 at 10:00 AM before Judge Vincent L. Briccetti. (Signed by Judge Vincent L. Briccetti on 8/23/2023) (mml) (Entered: 08/23/2023) |
| 11/06/2023 | 59 | JOINT LETTER addressed to Judge Vincent L. Briccetti from Melissa A. Overbeck dated November 6, 2023 re: Status of Settlement Negotiations. Document filed by ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone..(Overbeck, Melissa) (Entered: 11/06/2023) |
| 11/28/2023 | 60 | JOINT LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Vincent L. Briccetti from Melissa A. Overbeck dated 11/28/2023. Document filed by American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone. (Attachments: # 1 Proposed Order [PROPOSED] THIRD REVISED CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER).(Overbeck, Melissa) (Entered: 11/28/2023) |
| 11/29/2023 | 61 | ORDER granting 60 Letter Motion for Extension of Time to Complete Discovery: Discovery deadlines are extended as set forth in the Third Revised Civil Case Discovery Plan and Scheduling Order, which will be separately docketed. The deadline for completion of fact discovery is extended to 3/5/2024, and the deadline for completion of all discovery is extended to 5/15/2024. The case management conference scheduled for 12/14/2023 is adjourned to 5/29/2024 at 10:00 a.m., to be conducted in person at the White Plains courthouse, Courtroom 620. By 3/12/2024, the parties shall submit a joint letter regarding the status of settlement discussions. (HEREBY ORDERED by Judge Vincent L. Briccetti)(Text Only Order) (Briccetti, Vincent) (Entered: 11/29/2023) |
| 11/29/2023 | 62 | THIRD REVISED CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER: This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel and any unrepresented parties, pursuant to Fed. R. Civ. P. 16 and 26(f): All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). This case is to be tried to a jury. Deposition due by 4/30/2024. All Fact Discovery due by 3/5/2024. All Expert Discovery due by 4/30/2024. All Discovery due by 5/15/2024. Non-expert depositions shall be completed by 3/05/2024. The parties have conferred and their present best estimate of the length of the trial is 5 days. The Magistrate Judge assigned to this case is the Honorable Victoria Reznik. The next Case Management Conference set for 5/29/2024 at 10:00 AM before Judge Vincent L. Briccetti. SO ORDERED. (Signed by Judge Vincent L. Briccetti on 11/29/2023) (ama) (Main Document 62 replaced on 11/30/2023) (mml). Modified on 11/30/2023 (mml). (Entered: 11/29/2023) |
| 03/04/2024 | 63 | CONSENT LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Vincent L. Briccetti from Frances Codd Slusarz dated March 4, 2024. Document filed by Davall Garrison. (Attachments: # 1 Proposed Order 4th Case Management Plan and Scheduling Order).(Slusarz, Frances) (Entered: 03/04/2024) |

| 03/04/2024 | 64 | ORDER granting 63 Letter Motion for Extension of Time to Complete Discovery: Discovery deadlines are extended as set forth in the Fourth Revised Civil Case Discovery Plan and Scheduling Order, which will be separately docketed. The deadline for completion of fact discovery is extended to 5/17/2024, and the deadline for completion of all discovery is extended to 7/29/2024. **The case management conference scheduled for 5/29/2024 is adjourned to 8/1/2024, at 11:00 a.m.** The conference will proceed in person, at the White Plains courthouse, courtroom 620. By 5/24/2024, the parties shall submit a joint letter regarding the status of settlement discussions. (HEREBY ORDERED by Judge Vincent L. Briccetti)(Text Only Order) (kmk) (Entered: 03/04/2024) |
|---|---|---|
| 03/04/2024 | 65 | FOURTH REVISED CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER: All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. This case is to be tried to a jury. Non-expert depositions shall be completed by 5/17/2024. Expert Deposition due by 7/29/2024. Fact Discovery due by 5/17/2024. Expert Discovery due by 7/29/2024. Discovery due by 7/29/2024. The parties have conferred and their present best estimate of the length of the trial is 5 days. Case Management Conference set for 8/1/2024 at 11:00 AM before Judge Vincent L. Briccetti. (Signed by Judge Vincent L. Briccetti on 3/4/2024) (mml) (Entered: 03/04/2024) |
| 05/17/2024 | 66 | LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Vincent L. Briccetti from Frances Codd Slusarz dated 05/17/2024. Document filed by Davall Garrison..(Slusarz, Frances) (Entered: 05/17/2024) |
| 05/20/2024 | 67 | ORDER granting 66 Letter Motion for Extension of Time to Complete Discovery: As plaintiff's request affects multiple dates and deadlines, the request to extend discovery deadlines fails to comply with Paragraph 1.G of Judge Briccetti's Individual Practices, which requires a party to attach to its request a proposed Revised Civil Case Discovery Plan and Scheduling Order. Nevertheless, to avoid wasted time and effort, the Court extends the deadline for completion of fact discovery to 6/30/2024, and the deadline for completion of all expert discovery is STAYED pending defendants' anticipated motion for summary judgment. Also, by 7/8/2024, the parties shall submit a joint letter regarding their good faith settlement discussions. The next case management conference remains scheduled for 8/1/2024, at 11:00 a.m. The parties are reminded that in accordance with Paragraph 2.B.ii of Judge Briccetti's Individual Practices, a pre-motion conference is required before making a motion for summary judgment. (HEREBY ORDERED by Judge Vincent L. Briccetti)(Text Only Order) (kmk) (Entered: 05/20/2024) |
| 07/08/2024 | 68 | JOINT LETTER addressed to Judge Vincent L. Briccetti from Melissa A. Overbeck dated 7/8/2024 re: Settlement Status. Document filed by ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone.. (Overbeck, Melissa) (Entered: 07/08/2024) |
| 07/08/2024 | 69 | ORDER re: 68 Letter: In light of the parties' representation that settlement discussions are no longer ongoing, defendants shall file a pre-motion conference letter setting forth the basis for their anticipated motion for summary judgment by 7/18/2024. Plaintiff shall file his response by 7/25/2024. The next case management conference remains scheduled for 8/1/2024, at 11:00 a.m., at which time the parties shall be prepared to discuss their respective positions and a proposed briefing schedule. If defendants no longer intend to move for summary judgment, the parties shall be prepared to discuss a schedule for expert discovery. (HEREBY ORDERED by Judge Vincent L. Briccetti) (Text Only Order) (kmk) (Entered: 07/08/2024) |
| 07/18/2024 | 70 | LETTER MOTION for Conference *re: Pre-Motion Conference in connection with anticipated Motion for Summary Judgment* addressed to Judge Vincent L. Briccetti from |

| | | |
|---|---|---|
| | | Allan S. Bloom dated July 18, 2024. Document filed by ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone..(Bloom, Allan) (Entered: 07/18/2024) |
| 07/18/2024 | 71 | LETTER MOTION for Discovery *Leave to Take Final Deposition* addressed to Judge Vincent L. Briccetti from Frances Codd Slusarz dated July 18, 2024. Document filed by Davall Garrison..(Slusarz, Frances) (Entered: 07/18/2024) |
| 07/18/2024 | 72 | ORDER granting 71 Letter Motion for Discovery: Fact discovery is extended for the sole purpose of proceeding with the deposition scheduled for 7/31/2024. All other deadlines remain in effect, and the next case management conference remains scheduled for 8/1/2024. (HEREBY ORDERED by Judge Vincent L. Briccetti)(Text Only Order) (kmk) (Entered: 07/18/2024) |
| 07/25/2024 | 73 | LETTER RESPONSE in Opposition to Motion addressed to Judge Vincent L. Briccetti from Frances Codd Slusarz dated July 25, 2024 re: 70 LETTER MOTION for Conference *re: Pre-Motion Conference in connection with anticipated Motion for Summary Judgment* addressed to Judge Vincent L. Briccetti from Allan S. Bloom dated July 18, 2024. . Document filed by Davall Garrison..(Slusarz, Frances) (Entered: 07/25/2024) |
| 08/01/2024 | | Minute Entry for proceedings held before Judge Vincent L. Briccetti: Pre Motion Conference held on 8/1/2024. (Court Reporter Sue Ghorayeb)Counsel for all parties present. Order to follow.(dh) (Entered: 08/01/2024) |
| 08/01/2024 | 74 | ORDER terminating 70 Letter Motion for Conference. As discussed at a conference held today and attended by counsel for both parties, it is HEREBY ORDERED: 1. Defendants' motion for summary judgment, if any, is due September 6, 2024. 2. Plaintiff's opposition is due October 11, 2024. 3. Defendants' reply, if any, is due November 1, 2024. The Clerk is instructed to terminate the pending letter-motion. (Doc. #70). SO ORDERED. (Signed by Judge Vincent L. Briccetti on 8/1/2024) (mml) (Entered: 08/01/2024) |
| 08/01/2024 | | Set/Reset Deadlines: Motions due by 9/6/2024. Responses due by 10/11/2024. Replies due by 11/1/2024. (mml) (Entered: 08/01/2024) |
| 09/06/2024 | 75 | MOTION for Summary Judgment . Document filed by ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone..(Bloom, Allan) (Entered: 09/06/2024) |
| 09/06/2024 | 76 | MEMORANDUM OF LAW in Support re: 75 MOTION for Summary Judgment . . Document filed by ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone..(Bloom, Allan) (Entered: 09/06/2024) |
| 09/06/2024 | 77 | RULE 56.1 STATEMENT. Document filed by ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone..(Bloom, Allan) (Entered: 09/06/2024) |
| 09/06/2024 | 78 | DECLARATION of ALLAN S. BLOOM in Support re: 75 MOTION for Summary Judgment .. Document filed by ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21).(Bloom, Allan) (Entered: 09/06/2024) |
| 09/06/2024 | 79 | DECLARATION of CHAD BAUM in Support re: 75 MOTION for Summary Judgment .. Document filed by ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2).(Bloom, Allan) (Entered: 09/06/2024) |

| 09/06/2024 | 80 | DECLARATION of ELIZABETH MENDONCA in Support re: 75 MOTION for Summary Judgment .. Document filed by ASR Group International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone..(Bloom, Allan) (Entered: 09/06/2024) |
| --- | --- | --- |
| 10/09/2024 | 81 | CONSENT LETTER MOTION for Extension of Time to File Response/Reply as to 75 MOTION for Summary Judgment . addressed to Judge Vincent L. Briccetti from Frances Codd Slusarz dated October 9, 2024. Document filed by Davall Garrison..(Slusarz, Frances) (Entered: 10/09/2024) |
| 10/09/2024 | 82 | ORDER granting 81 Letter Motion for Extension of Time to File Response/Reply: Plaintiff's opposition to defendants' motion for summary judgment is due 10/14/2024. Defendants' reply is due 11/4/2024. (HEREBY ORDERED by Judge Vincent L. Briccetti) (Text Only Order) (kmk) (Entered: 10/09/2024) |
| 10/14/2024 | 83 | CONSENT LETTER MOTION for Extension of Time to File Response/Reply as to 75 MOTION for Summary Judgment . addressed to Judge Vincent L. Briccetti from Frances Codd Slusarz dated October 14, 2024. Document filed by Davall Garrison..(Slusarz, Frances) (Entered: 10/14/2024) |
| 10/14/2024 | 84 | ORDER granting 83 Letter Motion for Extension of Time to File Response/Reply: Plaintiff's opposition to defendants' motion for summary judgment is due 10/15/2024. Defendants' reply is due 11/5/2024. (HEREBY ORDERED by Judge Vincent L. Briccetti) (Text Only Order) (Briccetti, Vincent) (Entered: 10/14/2024) |
| 10/15/2024 | 85 | MEMORANDUM OF LAW in Opposition re: 75 MOTION for Summary Judgment . . Document filed by Davall Garrison. (Attachments: # 1 Supplement Response to Defendants' Rule 56.1 Statement of Material Facts, # 2 Affidavit Declaration of Davall Garrison, # 3 Affidavit Declaration of Wayne Forrester, # 4 Affidavit Declaration of Andrea Stephens, # 5 Affidavit Declaration of Frances Codd Slusarz, # 6 Exhibit Exhibit 1 to Slusarz Declaration, # 7 Exhibit Exhibit 2 to Slusarz Declaration, # 8 Exhibit Exhibit 3 to Slusarz Declaration, # 9 Exhibit Exhibit 4 to Slusarz Declaration, # 10 Exhibit Exhibit 5 to Slusarz Declaration, # 11 Exhibit Exhibit 6 to Slusarz Declaration, # 12 Exhibit Exhibit 7 to Slusarz Declaration, # 13 Exhibit Exhibit 8 to Slusarz Declaration).(Slusarz, Frances) (Entered: 10/15/2024) |
| 11/05/2024 | 86 | REPLY MEMORANDUM OF LAW in Support re: 75 MOTION for Summary Judgment . . Document filed by American Sugar Refining, Inc., American Sugar Holdings, Inc., Dennis Angone, ASR Group International, Inc.,..(Bloom, Allan) (Entered: 11/05/2024) |
| 11/05/2024 | 87 | DECLARATION of ALLAN S. BLOOM (REPLY) in Support re: 75 MOTION for Summary Judgment .. Document filed by American Sugar Refining, Inc., American Sugar Holdings, Inc., Dennis Angone, ASR Group International, Inc.,. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5).(Bloom, Allan) (Entered: 11/05/2024) |
| 01/22/2025 | 88 | NOTICE of Withdrawal of Appearance of Frances Codd Slusarz. Document filed by Davall Garrison..(Goddard, Megan) (Entered: 01/22/2025) |
| 03/04/2025 | 89 | MOTION for Frances Codd Slusarz to Withdraw as Attorney *for Plaintiff*. Document filed by Davall Garrison..(Slusarz, Frances) (Entered: 03/04/2025) |
| 03/05/2025 | 90 | MEMO ENDORSED ORDER granting 89 Motion to Withdraw as Attorney. ENDORSEMENT: Motion granted. The Clerk of Court is directed to (1) terminate Ms. Slusarz's appearance on the docket, and (2) terminate the motion (Doc. #89). SO ORDERED. Attorney Frances Codd Slusarz terminated. (Signed by Judge Vincent L. Briccetti on 3/5/2025) (mml) (Entered: 03/06/2025) |

| | | |
|---|---|---|
| 06/25/2025 | 91 | OPINION AND ORDER re: 75 MOTION for Summary Judgment. filed by American Sugar Refining, Inc., ASR Group International, Inc., American Sugar Holdings, Inc., Dennis Angone. The motion for summary judgment is GRANTED. The Clerk is instructed to terminate the motion (Doc. #75) and close this case. SO ORDERED. (Signed by Judge Vincent L. Briccetti on 6/25/2025) (mml) Transmission to Orders and Judgments Clerk for processing. (Entered: 06/26/2025) |
| 06/26/2025 | 92 | CLERK'S JUDGMENT re: 91 Memorandum & Opinion in favor of ASR Group International, Inc., American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone against Davall Garrison. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated June 25, 2025, the motion for summary judgment is GRANTED. Accordingly, the case is closed. (Signed by Clerk of Court Tammi M Hellwig on 6/26/2025) (tp) (Entered: 06/26/2025) |
| 07/15/2025 | 93 | **FILING ERROR - WRONG ORDER SELECTED FOR APPEAL -** NOTICE OF APPEAL from 91 Memorandum & Opinion,. Document filed by Davall Garrison. Filing fee $ 605.00, receipt number ANYSDC-31383893. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Goddard, Megan) Modified on 7/15/2025 (tp). (Entered: 07/15/2025) |
| 07/15/2025 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Megan Sarah Goddard to RE-FILE Document No. 93 Notice of Appeal. The filing is deficient for the following reason(s): the wrong order/judgment being appealed was selected. Re-file the appeal using the event type Notice of Appeal found under the event list Appeal Documents - attach the correct signed PDF - select the correct named filer/filers - select the correct order/judgment being appealed - Do Not Pay the Appeal Fee Again. (tp)** (Entered: 07/15/2025) |
| 07/15/2025 | 94 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** AMENDED NOTICE OF APPEAL from 92 Clerk's Judgment,. Document filed by Davall Garrison. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Goddard, Megan) Modified on 7/15/2025 (tp). (Entered: 07/15/2025) |
| 07/15/2025 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Megan Sarah Goddard to RE-FILE Document No. 94 Notice of Appeal. The filing is deficient for the following reason(s): the wrong event type was used to file the appeal. Re-file the appeal using the event type Notice of Appeal found under the event list Appeal Documents - attach the correct signed PDF - select the correct named filer/filers - select the correct order/judgment being appealed. (tp)** (Entered: 07/15/2025) |
| 07/15/2025 | 95 | NOTICE OF APPEAL from 92 Clerk's Judgment,. Document filed by Davall Garrison. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit.. (Goddard, Megan) (Entered: 07/15/2025) |
| 07/15/2025 | | Appeal Fee Paid electronically via Pay.gov: for 95 Notice of Appeal. Filing fee $ 605.00. Pay.gov receipt number ANYSDC-31383893, paid on 7/15/2025. (tp) (Entered: 07/15/2025) |
| 07/15/2025 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 95 Notice of Appeal. (tp) (Entered: 07/15/2025) |
| 07/15/2025 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 95 Notice of Appeal filed by Davall Garrison were transmitted to the U.S. Court of Appeals. (tp) (Entered: 07/15/2025) |
| 07/28/2025 | 96 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** BILL OF COSTS NOTICE OF TAXATION to recover costs against Davall Garrison. Document filed by ASR Group |

| | | |
|---|---|---|
| | | International, Inc.,, American Sugar Holdings, Inc., American Sugar Refining, Inc., Dennis Angone. The Clerk may tax costs 14 days after this filing. Objections to Bill of Costs due by 8/11/2025 (Attachments: # 1 Exhibit Proposed Bill of Costs).(Bloom, Allan) Modified on 7/29/2025 (nd). (Entered: 07/28/2025) |
| 07/28/2025 | 97 | DECLARATION of Allan S. Bloom in Support re: 96 Bill of Costs Notice of Taxation,. Document filed by ASR Group International, Inc.,, American Sugar Holdings, Inc.,, American Sugar Refining, Inc., Dennis Angone. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15).(Bloom, Allan) (Entered: 07/28/2025) |
| 07/29/2025 | | ***NOTICE TO ATTORNEY REGARDING REJECTION OF BILL OF COSTS NOTICE OF TAXATION FOR NON-COMPLIANCE WITH LOCAL RULE 54.1: Notice to Attorney Allan S Bloom, document 96 Bill of Costs Notice of Taxation, was rejected by the Clerk's Office for the following reason: there is an appeal to the appellate court appealing the entry of final judgment pending in the case. The filer must wait until the appellate court has issued the mandate. Please refile the Bill of Costs Notice of Taxation within 30 days of entry of the mandate in the Southern District of New York. (nd)** (Entered: 07/29/2025) |

| | PACER Service Center | | |
|---|---|---|---|
| | **Transaction Receipt** | | |
| | 07/29/2025 13:58:47 | | |
| **PACER Login:** | Mgoddard | **Client Code:** | Garrison |
| **Description:** | Docket Report | **Search Criteria:** | 7:21-cv-10917-VB |
| **Billable Pages:** | 14 | **Cost:** | 1.40 |

# ADDENDUM B

### **LIST OF ISSUES PROPOSED TO BE RAISED ON APPEAL**

Whether the district court properly granted summary judgment on all claims. Standard of Review: de novo.